```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------
JOSEPH RAY,

                Petitioner,        24-cv-862 (JGK)

    - against -               MEMORANDUM OPINION AND ORDER

WARDEN JAMAL JAMISON,

                Respondent.
------------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

The petitioner, Joseph Ray, has filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming that his sentence should be deemed to have commenced on May 5, 2021, rather than on August 30, 2022. ECF No. 1. Because the petitioner has failed to exhaust his administrative remedies before the Bureau of Prisons ("BOP"), and because his claim lacks merit, the petition is **denied**.

I.

In May 2021, the petitioner was serving a sentence in state custody, see Jones-Bonner Decl. ¶¶ 9-12, ECF No. 9, and on May 5, 2021, the petitioner was removed to federal custody by writ of habeas corpus ad prosequendum to be sentenced in the United States District Court for the North District of West Virginia for a federal offense, see id. ¶¶ 13-14.

On December 9, 2021, the district court imposed a sentence of 77 months' imprisonment. See id. ¶ 14. The sentencing court recommended that the sentence begin to run on May 5, 2021. See ECF

1

No. 1 at 4. On December 21, 2021, the petitioner returned to the West Virginia Department of Corrections. See Jones-Bonner Decl. ¶ 15. On August 30, 2022, the petitioner entered federal custody. Id. ¶ 17. In computing the petitioner's sentence, the BOP determined that the petitioner's 77-month federal sentence began to run on August 30, 2022 – the date that he entered federal custody after being released from state custody. See id. ¶ 18.

On February 1, 2024, the petitioner filed the current petition pursuant to 28 U.S.C. § 2241, to challenge the "manner in which the sentence is being calculated because time credits due to be applied to petitioner's overall sentence have not been credited." See ECF No. 1.

**II.**

The petition is denied because the petitioner failed to exhaust the four-step administrative process of the BOP.

Pursuant to 28 U.S.C. § 2241, an inmate in federal custody may seek a writ of habeas corpus to challenge the execution of his sentence subsequent to conviction, see Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001), such as the computation of the prisoner's sentence, see Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006).[1] However, "absent a showing of cause and prejudice, appeals [are required to] proceed in the first instance through the

---

[1] Unless otherwise noted, this Memorandum Opinion & Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

federal agency review process." Carmona, 243 F.3d at 634. In the BOP context, there is a four-step process for inmates to exhaust administrative remedies: informal resolution, initial filing and two levels of appeals. See 28 C.F.R. §§ 542.13-15.

In this case the petitioner claims to have completed the first three steps, see ECF No. 1, but does not allege to have appealed any unsatisfactory decision to the Central Office of the BOP, see Jones-Bonner Decl. ¶ 27. The petitioner's failure to exhaust the BOP's administrative remedies is fatal to his claim. See, e.g., Cruz v. Hastings, 2021 WL 4691375, at *4 (S.D.N.Y. Oct. 6, 2021) ("No administrative remedy appeal is considered finally exhausted until it is considered by the BOP's Central Office."); Bearam v. Sommer, 2013 WL 5405492, at *8 (S.D.N.Y. Sept. 25, 2013) (concluding that the prisoner's failure to exhaust his administrative remedies warranted dismissal of the prisoner's claims).

### III.

In any event, there is no merit to the petitioner's complaint before the BOP. The BOP correctly determined that the petitioner's sentence could not commence on May 5, 2021 because the petitioner at that time was serving a state sentence and that time could not be credited to his federal sentence. See 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody . . . to commence service of sentence at, the official detention facility at which the sentence

3

is to be served."). It was only on August 30, 2022 that the petitioner was taken into federal custody and therefore the time after August 30, 2022 could be credited to his federal sentence. See United States v. Fermin, 252 F.3d 102, 108 n.10 (2d Cir. 2001) ("[A] defendant held at a federal detention facility is not 'in custody' for the purposes of § 3583(a) when he is produced through a writ of habeas corpus ad prosequendum."). The previous time in custody after May 5, 2021 and prior to August 30, 2022 cannot be credited to the petitioner's federal sentence because that time was credited to his state sentence. See 18 U.S.C. § 3585(b). The sentencing judge's recommendation as to the starting date of a sentence is not binding on the BOP. See United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997) ("After a defendant is sentenced, it falls to BOP, not the district judge, to determine when a sentence is deemed to commence, . . . [and] whether the defendant should receive credit for time spent in custody before the sentence commenced . . ..").

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, the petitioner's motion pursuant to 28 U.S.C. § 2241 is **denied**.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and

4

therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk is directed to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:**   New York, New York
July 10, 2024

_____
**John G. Koeltl
United States District Judge**

5